# WELSH, Estate of, In re.

Probate Court, Harrison County.

No. 15013.   Decided July 22, 1960.

*Mr. Joseph A. White,* assistant attorney general.
*Mr. Frank B. Grove,* for estate.

ROWLAND, J.   This day came on for hearing the motion and exceptions to the petition and interlocutory decree determining inheritance tax on an annuity contract whose beneficiary was Harlan B. Welsh.

Harlan B. Welsh was represented by Attorney Frank B. Grove and the Tax Commissioner represented by Attorney White.

The facts of the case seem to be this:

Harry E. Welsh at the time of his death was the owner of an annuity contract with the Equitable Life Assurance Society of United States.

It was a single premium, viz: $5250.00, contract.

It paid to Harry E. Welsh during his lifetime, one hundred seventy-five dollars per year ($175.00).

At the time of Harry Welsh's death the company was to pay the named beneficiary, Harlan Welsh, a nephew, a stipulated sum which he received, viz: $5001.46.

This contract was not made a part of the Harry Welsh Estate, nor was it referred to in any pleading or paper filed in the administration of the estate.

After the estate was closed and Harlan Welsh discharged as Executor, the Tax Commissioner of Ohio filed a petition for determination of Inheritance tax on the money received by Harlan B. Welsh by reason of the annuity contract.

A temporary, or interlocutory, order determining the tax was made on this petition by the Probate Court of Harrison County, Ohio.

To this petition and order, Harlan B. Welsh filed a motion requesting the Court to dismiss the petition for the reason that Section 5731.36, Revised Code, does not provide the filing of a supplementary petition and further that the department of taxation failed to file exceptions to the original judgment on the petition for determination of tax which had been filed by the executor, and of the existence of the policy the Tax Commissioner was fully advised. Also his pleading contained an exception to the determination of the tax by the court on the proceeds from the annuity policy or contract.

The attorney for the Executor contended that a letter was written to the Tax Commissioner requesting a waiver on the annuity policy so that the company could release the money under the annuity contract to Harlan B. Welsh.

Testimony was given by Harlan B. Welsh and evidence introduced by Harlan B. Welsh, viz: letters and copy of letters to the Tax Commissioner pertaining to a waiver.

The Tax Commissioner also introduced as evidence a copy of the annuity contract.

It is apparent to this Court that the annuity contract was not a part of the estate of Harry E. Welsh and was not administered, and that it was not subject to probate so therefore we must conclude that it was considered as a non-probate asset by the executor.

*Question One*: Now, what property is subject to succession tax?

Section 5731.02, Revised Code, provides that (a tax) is hereby levied upon the succession to any property passing in trust or *otherwise* for the use of a person. (Note—parenthesis and emphasis are our own markings.)

*Question Two*: What procedure is provided for determining inheritance tax?

Harlan B. Welsh had the right to the succession of the annuity money in the annuity contract for whatever use he would make of it. Acceptable procedure rules provide that Harlan B. Welsh could have included the amount of the money from the annuity in the original petition, which he as executor filed in the estate of Harry E. Welsh. However, he did not do this. Nor was he required to do so as Executor. Section 5731.36, Revised Code, provides that executor or administrator or any other person or corporation in possession of property the succession of which is subject to inheritance tax, may file the petition.

Harlan B. Welsh, if he did not include the succession from the annuity contract in the executor's petition to determine tax could have filed a petition as an individual.

Section 5731.36, Revised Code, further provides that should the executor or administrator or individual fail within one year, the tax commissioner "may," and this the Tax Commissioner has done.

*Question Three*: Is the succession from this annuity contract taxable?

Section 5731.06, Revised Code, provides that proceeds from life insurance policies are not subject to inheritance tax. The Equitable Assurance Society of the United States executes insurance policy. However, the annuity contract which Harry E. Welsh held and of which Harlan B. Welsh was the beneficiary

was a single premium annuity contract, with provision that at the death of Harry E. Welsh the company would pay back the unused funds, or $5,000.00 which ever was the larger. In this case Harlan B. Welsh received $5001.47.

There was no risk involved in this contract. All premiums had been fully paid in the beginning and Harlan B. Welsh was to receive back a stated amount as beneficiary.

Such a contract, in the opinion of the Court, is not an insurance policy within the meaning of Section 5731.06, Revised Code.

Therefore the proceeds from the annuity contract were not exempt from inheritance tax as is an insurance policy.

*Question No. 4.* Did the Tax Commissioner waive the tax by failing to file exceptions so the tax petition filed in the estate when it was clear that they knew of the existence of the annuity contract, having previously issued a waiver so that the money could be paid to Harlan B. Welsh?

Harlan B. Welsh had the right to include the annuity contract in the tax petition filed in the estate return or he had a right to file a tax petition as an individual and set out the money he had received under the annuity contract. The Tax Commissioner had the right to let him exercise his choice as to procedure.

When Harlan B. Welsh failed to do either, then the tax commissioner had a right to file the petition for determination of the tax on the annuity proceeds when it became apparent that Harlan B. Welsh was not going to do so, either as an executor or individual. It is further the opinion of the Court that the amount of money payable under the annuity contract of Harlan B. Welsh is subject to succession tax in the State of Ohio.

Had this property, viz: annuity contract, been of such a nature that it would require the processes of probating before Harlan B. Welsh could obtain title, the situation would be quite different, and this decision quite different.

Since the property passing was of a non-probate quality and the recipient did not file an individual petition to determine the tax within a year, then in this case, that part of Section 5731.36, Revised Code, permitting Tax Commissioner to file petition comes into operation.

The motion of Harlan B. Welsh is dismissed and the exceptions of Harlan B. Welsh are also dismissed.